KOLLER LAW, P.C.
David M. Koller, Esquire (90119)  *Attorney for Plaintiff Timothy Cole*
2043 Locust Street, Suite 1B
Philadelphia, Pa 19103
(215) 545-8917
(215) 575-0826 (fax)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY COLE** : |  |
| **3739 Willet Road** : |  |
| **Pittsburgh, PA 15227** : |  |
| : |  |
| **Plaintiff,** : |  |
| : | **Civil Action No.** |
| v. : |  |
| : |  |
| **HIGHMARK, INC.** : | **Hon.** |
| **120 Fifth Avenue Place** : |  |
| **Pittsburgh, PA 15222** : |  |
| : | **Complaint and Jury Demand** |
| **Defendant.** : |  |

### COMPLAINT

Plaintiff, Timothy Cole, by and through his counsel, Koller Law, P.C., avers the following:

### INTRODUCTORY STATEMENT

Plaintiff, Timothy Cole (hereinafter referred to as "Plaintiff"), files this Complaint naming Defendant, Highmark, Inc. (hereinafter referred to as "Defendant" or "Highmark"), who employed Plaintiff from October 7, 2012 until his termination on or about January 8, 2014. Plaintiff alleges that Defendant by and through its managers, supervisors, agents, and employees, engaged in a pattern and practice of unlawful discrimination and retaliation in violation of the Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Family Medical

Leave Act ("FMLA"), and applicable state law.

## JURISDICTION AND VENUE

1. Plaintiff incorporates the foregoing paragraphs by reference herein as if the same were set forth at length.

2. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1346(a)(2) because it is a civil action.

4. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. Plaintiff incorporates the foregoing paragraphs by reference herein as if the same were set forth at length.

7. Plaintiff is an adult individual residing at 3739 Willet Road, Pittsburgh, Pennsylvania

15227, and at all times relevant hereto was an employee working for Defendant Highmark, Inc.

8. Upon information and belief, Defendant is a Pennsylvania Non-Profit (Non Stock) corporation with its principal place of business at 1800 Center Street, Camp Hill, PA 17011.

9. At all times relevant hereto, Defendant employed Plaintiff at its 120 Fifth Avenue Place, Pittsburgh, PA 15222 location.

10. At all times relevant, Defendant adopted, agreed, acquiesced, and otherwise accepted and was bound by the actions and omissions of its employees, officers, and agents.

11. At all times relevant, Defendant employed more than fifteen (15) employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the foregoing paragraphs by reference herein as if the same were set forth at length.

13. Plaintiff exhausted his administrative remedies under Title VII, the ADEA and applicable state law. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. Plaintiff is a forty-four (44) year old male.

15. On or about March 20, 2014, Plaintiff filed a timely written Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission alleging sex discrimination, age discrimination, disability discrimination and retaliation against Defendant. A true and correct copy of this Charge is attached hereto as Exhibit "A".

16. The EEOC assigned the Charge, number 530-2014-00516, and dual filed the Charge with the Pennsylvania Human Relations Commission ("PHRC"). See Exhibit A.

17. Upon request, the EEOC issued Plaintiff a Notice of Dismissal and Right to Sue, dated

October 23, 2014. A true and correct copy of the Dismissal is attached hereto as Exhibit "B".

18. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

19. Plaintiff has exhausted his administrative remedies.

## FACTS

20. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

21. Defendant hired Plaintiff on or about October 7, 2012 in the position of Customer Service Representative in Defendant's Medicare Department.

### Plaintiff Complained of Discrimination to Tina Marks

22. In or around March 2013, Plaintiff first complained to Tina Marks of discrimination.

23. Plaintiff told Ms. Marks that his supervisor, Jennifer Arnal, Member Service Supervisor, treated younger, female employees more favorably than she treated Plaintiff.

24. For example, Ms. Arnal refused to acknowledge Plaintiff's presence, and refused to interact with him.

### Ms. Arnal Retaliated Against Plaintiff

25. Thereafter, by and through her actions, Ms. Arnal made it clear that she was aware Plaintiff had complained of discrimination.

26. After Plaintiff complained of discrimination, Ms. Arnal subjected him to constant supervision and increased written discipline.

27. Ms. Arnal issued Plaintiff written discipline whene he used a sick day to care for his two (2) minor children who have chronic stomach/digestive issues.

28. In or around March 2013, Plaintiff requested of Ms. Arnal that Defendant allow him to work an altered schedule or make up any lost time so that he could care for his sick children.

29. Ms. Arnal allowed another employee, Tamala Oncea-Johnson (female), to work extra hours before or after her shift so that she would not receive written warnings and/or discipline.

30. Ms. Arnal, however, denied Plaintiff's request.

31. Plaintiff questioned why Defendant allowed Ms. Oncea-Johnson to have an alternative schedule, but he was denied the same.

32. Ms. Arnal told Plaintiff that she was a supervisor and could make exceptions to the rules for those employees she liked.

33. Ms. Arnal continued to issue Plaintiff written warnings and discipline for his legitimate absences that were due to him caring for his sick children.

34. In or around August/September 2013, Ms. Arnal issued Plaintiff a final written warning for his attendance.

### Plaintiff Complained of Discrimination to Dan Labuda

35. In or around the beginning of October 2013, Plaintiff complained of Ms. Arnal's conduct to Dan Labuda, Director, Medicare Advantage Customer Service, Quality and Operational Efficiency.

36. Specifically, Plaintiff complained that but for Ms. Arnal's discriminatory behavior, he would not have received a final written warning for his attendance.

37. Upon information and belief, Mr. Labuda did not investigate Plaintiff's claims of discrimination.

38. Upon further information and belief, Mr. Labuda did not counsel or in any way discipline Ms. Arnal for her discriminatory conduct.

### Ms. Arnal Continued to Retaliate Against Plaintiff

39. In or around the end of October 2013, Ms. Arnal informed Plaintiff that he had made two (2) unacceptable phone calls.

40. Ms. Arnal stated that Plaintiff had not made any errors during the calls, but she simply did not like his tone.

41. Ms. Arnal informed Plaintiff that he was being placed on a Quality Improvement Plan ("QUIP").

42. She told Plaintiff that Defendant would re-evaluate his performance in March 2014 to see if there was any improvement.

43. If there was no improvement in Plaintiff's performance at the time of his re-evaluation, Ms. Arnal told Plaintiff that he could be subject to further discipline.

### Plaintiff Requested and Was Approved for Intermittent FMLA Leave

44. In or around the middle of November 2013, Plaintiff requested, and was approved for, intermittent leave under the Family Medical Leave Act ("FMLA") for his children's serious medical conditions.

45. Plaintiff used several days of intermittent FMLA leave in November 2013 to care for his children.

46. Whenever Plaintiff returned from leave, Ms. Arnal harassed Plaintiff as to whether he was using his FMLA leave for a legitimate purpose.

47. Ms. Arnal accused Plaintiff of using his FMLA leave to sleep during the day.

48. Although Plaintiff had previously provided medical documentation related to his

children's medical condition, based on Ms. Arnal's harassing conduct, he provided a letter to Defendant, written by his children's school, to demonstrate that his children were home from school sick on those days he used FMLA leave.

49. In December 2013, Plaintiff again used a number of days of intermittent FMLA leave for his children's serious medical condition.

50. In December 2013, Defendant also approved Plaintiff for intermittent FMLA leave for his wife's serious medical condition.

### Plaintiff Again Complained of Discrimination to Dan Labuda

51. On or about December 23, 2013, Plaintiff again complained to Mr. Labuda about Ms. Arnal's harassing and discriminatory conduct.

52. Plaintiff complained that he believed Ms. Arnal was discriminating against him on the basis of his sex and age, and because he had taken FMLA leave to care for his children and wife.

53. Plaintiff also told Mr. Labuda that if Defendant did not address the situation, he intended to file a complaint of discrimination with the EEOC.

### Plaintiff Used FMLA Intermittent Leave

54. Plaintiff was out on intermittent FMLA leave from December 24, 2013 through January 8, 2014 for the serious medical conditions of his children and his wife.

55. This FMLA leave was approved by Defendant.

56. Defendant was aware that Plaintiff was on FMLA leave.

### Plaintiff Applied for Short Term Disability Leave

57. On January 7, 2014, Plaintiff sought treatment for a psychiatrist due to stress and anxiety.

58. That same day, January 7, 2014, Plaintiff filed for Short Term Disability leave for his

own serious medical condition based upon the psychiatrist's recommendation.

59. Plaintiff was approved for Short Term Disability Leave.

60. He later received a check for two (2) weeks' pay associated with his Short Term Disability leave.

### **Defendant Terminated Plaintiff**

61. On January 10, 2014, Plaintiff received a letter from Defendant that he was terminated effective January 8, 2014.

62. Defendant terminated Plaintiff sixteen (16) days after he threatened to file a complaint of discrimination.

63. Defendant terminated Plaintiff while he was on approved FMLA leave.

64. Defendant's stated reason for termination was that Plaintiff made five (5) phone call errors in December 2013.

65. Defendant's policies and procedures require that employees be allowed to review any alleged errors, and be placed on corrective action.

66. Defendant did not give Plaintiff the chance to review any alleged errors.

67. Defendant also did not place Plaintiff on any corrective action.

### **COUNT I – GENDER DISCRIMINATION**
### **Title VII of the Civil Rights Act**

68. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

69. Plaintiff is a member of protected class in that he is male.

70. Plaintiff was qualified to perform the job for which he was hired: Customer Service Representative.

71. Plaintiff suffered adverse job actions, including, but not limited to, written disciplines,

placement on a Quality Improvement Plan and ultimately, termination.

72. Defendant treated similarly situated people outside of Plaintiff's protected class more favorably than it treated Plaintiff.

73. Tamala Oncea-Johnson, female, is an example of a comparator who Defendant allowed to work an alternative schedule and who Defendant did not discipline similarly.

74. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

75. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

76. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

77. As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – GENDER DISCRIMINATION
### Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, et. seq.

78. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

79. Plaintiff is a member of protected class in that he is male.

80. Plaintiff was qualified to perform the job for which he was hired: Customer Service Representative.

81. Plaintiff suffered adverse job actions, including, but not limited to, written disciplines, placement on a Quality Improvement Plan and ultimately, termination.

82. Defendant treated similarly situated people outside of Plaintiff's protected class more

favorably than it treated Plaintiff.

83. Tamala Oncea-Johnson, female, is an example of a comparator who Defendant allowed to work an alternative schedule and who Defendant did not discipline similarly.

84. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

85. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

86. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

87. As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – AGE DISCRIMINATION
### Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634

88. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

89. Plaintiff is a member of a protected class in that he was forty (40) years of age or older at the time of the events giving rise to this Complaint.

90. At the time of the events giving rise to this Complaint, Plaintiff was forty-three (43) years old.

91. Plaintiff was qualified to perform the job for which he was hired: Customer Service Representative.

92. Plaintiff suffered adverse job actions, including, but not limited to, coachings, verbal and written warnings and termination.

93. 29 U.S.C. §623(a)(1) provides that "It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . ."

94. Defendant regularly showed favoritism toward employees outside of Plaintiff's protected class.

95. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

96. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – AGE DISCRIMINATION
### Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, et. seq.

97. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

98. Plaintiff is a member of a protected class in that he was forty (40) years of age or older at the time of the events giving rise to this Complaint.

99. At the time of the events giving rise to this Complaint, Plaintiff was forty-three (43) years old.

100. Plaintiff was qualified to perform the job for which he was hired: Customer Service Representative.

101. Plaintiff suffered adverse job actions, including, but not limited to, coachings, verbal and written warnings and termination.

102. 29 U.S.C. §623(a)(1) provides that "It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age…"

103. Defendant regularly showed favoritism toward employees outside of Plaintiff's protected class.

104. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

105. The reasons cited by Defendant for the above-cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
### Title VII of the Civil Rights Act

106. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

107. Plaintiff engaged in activity protected by Title VII as described herein, including, but not limited to, complaining about discrimination on the basis of his gender to Tina Marks and Dan Labuda, Director, Medicare Advantage Customer Service, Quality and Operational Efficiency.

108. Defendant took adverse employment actions against Plaintiff, including but not limited to disciplines, harassment, denial of an alternate work schedule and termination.

109. There exists a causal connection between Plaintiff's participation in the protected activities and the adverse employment actions.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
### Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634

110. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

111. Plaintiff engaged in activity protected by the ADEA as described herein, including, but not limited to, complaining about discrimination on the basis of his age to Tina Marks and Dan Labuda, Director, Medicare Advantage Customer Service, Quality and Operational Efficiency.

112. Defendant took adverse employment actions against Plaintiff, including but not limited to disciplines, harassment, denial of an alternate work schedule and termination.

113. There exists a causal connection between Plaintiff's participation in the protected activities and the adverse employment actions.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
### Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, et. seq.

114. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

115. Plaintiff engaged in activity protected by the PHRA as described herein, including, but not limited to, complaining about discrimination on the basis of his age and gender to Tina Marks and Dan Labuda, Director, Medicare Advantage Customer Service, Quality and Operational Efficiency.

125. On or about December 23, 2013, Plaintiff again complained to Dan Labuda, Director, Medicare Advantage Customer Service, Quality and Operational Efficiency, that Ms. Arnal was harassing him regarding his use of FMLA intermittent leave.

126. Plaintiff requested that Ms. Arnal stop questioning the legitimacy of his need for leave; Plaintiff had already provided the appropriate medical documentation.

127. Defendant acted in bad faith by interfering with Plaintiff's approved FMLA leave.

128. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

129. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1)

130. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among his friends and workers, disruption of his personal life and loss of enjoyment of the ordinary pleasures of life.

131. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

132. Plaintiff further demands judgment in his favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

WHEREFORE, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### COUNT IX – DISCRIMINATION/RETALIATION
### Violation of the Family Medical Leave Act, FMLA 29 USCA §2615(b) *et. seq.*

133. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

134. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C) Plaintiff was eligible for Family and Medical Leave.

135. At all material times Defendant knew, or should have known, of Plaintiff's need for continuous medical leave to care for his children's serious medical conditions.

136. Plaintiff gave Defendant sufficient information to allow it to understand that he needed intermittent leave for FMLA-qualifying reasons.

137. Defendant approved Plaintiff for intermittent FMLA leave in or around November 2013.

138. Plaintiff was out on intermittent FMLA leave from December 24, 2013 through January 8, 2014.

139. On January 10, 2014, Plaintiff received a letter that he was terminated effective January 8, 2014, while he was out on FMLA qualifying leave.

140. Defendant was aware that Plaintiff was on FMLA leave at the time of his termination.

141. Defendant's motivation for harassing and terminating Plaintiff was connected causally to Plaintiff's assertion of FMLA leave.

142. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

143. As a direct and proximate result of Defendant's termination of Plaintiff, Plaintiff is and was deprived economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

144. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

145. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

WHEREFORE, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT X – DISABILITY DISCRIMINATION
### Americans with Disabilities Act of 1990, as amended

146. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

147. Title I of the Americans with Disabilities Act ("ADA") prohibits discrimination against qualified individuals "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112, *et seq.*

148. In addition, Defendant regarded Plaintiff as an individual with a disability within the meaning of the ADA.

149. Defendant is an "employer" within the meaning of the ADA because it is "engaged in an industry affecting commerce [and] has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ."

150. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12102. Gaul v. AT & T, Inc., 955 F. Supp. 346, 350 (D.N.J. 1997) (employee diagnosed with a "depression-related illness and stress disorder" disabled under ADA).

151. He is able to perform the essential functions of Customer Service Representative with or without reasonable accommodations.

152. At all relevant times, Plaintiff had a mental impairment that substantially limited the types of activities "that are of central importance to daily life," including, but not limited to: sleeping, thinking, concentrating, talking, relating to others, lack of desire to

participate in social activities and working.

153. Defendant was aware, or should have been aware, of Plaintiff's disability when he submitted medical documentation related to his request for Short Term Disability Leave on January 7, 2014.

154. Three (3) days after Plaintiff requested Short Term Disability leave for his own serious medical condition, Defendant terminated Plaintiff.

155. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of his disabilities, a failure to accommodate, and a failure to engage in the interactive process in violation of the ADA.

156. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT XI – DISABILITY DISCRIMINATION
**Violation of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, et. seq.**

157. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

158. Plaintiff has a "non-job related handicap or disability" as defined under the Pennsylvania Human Relations Act ("PHRA"). 43 P.S. § 954(p).

159. Plaintiff was able to perform the essential functions of the job of Customer Service Representative, with or without reasonable accommodations.

160. At all relevant times, Plaintiff had a mental impairment that substantially limited the types of activities "that are of central importance to daily life," including, but not limited to: sleeping, thinking, concentrating, talking, relating to others, lack of desire to participate in social activities and working.

19

161. Defendant was aware, or should have been aware, of Plaintiff's disability when he submitted medical documentation related to his request for Short Term Disability Leave on January 7, 2014.

162. Three (3) days after Plaintiff requested Short Term Disability leave for his own serious medical condition, Defendant terminated Plaintiff.

163. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of his disabilities, a failure to accommodate, and a failure to engage in the interactive process in violation of the ADA.

164. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Timothy Cole, requests that the Court grant him the following relief against Defendant Highmark, Inc.:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, Title VII and PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Date: November 20, 2014    By:    Respectfully Submitted,
KOLLER LAW, P.C.

*David M. Koller*
David M. Koller, Esquire
Attorney ID Nos. 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
*Counsel for Plaintiff*

21